---

(Cuyahoga County Probate Court.)
IN RE ESTATE OF JAMES PICKARDS.

---

It is so clearly the official duty of the court to require an inventory and appraisal, that the court would be derelict in its duty, and perhaps be liable on his official bond, for failing to make the order required by the statute.

---

Application for order to require an inventory.

WHITE, J.

The will of James Pickards was probated on or about the 21st of July, 1896, he having died on or about the 14th day of July, 1896. Mr. Henry Pickards and another have qualified, so far as they were required to do so, as executors and trustees under the will. The provisions of the will create a trust, and impose the trust upon the same persons who are named as executors; so that these persons, Mr. Henry S. Pickards and Mr. Morse, are both executors and trustees with distinct and specific duties under this will. They both happen to be non-residents of the state of Ohio. No bond was required of them. After somewhat specific directions as to the execution of the trust and carrying on of the business of the decedent, etc., item 7 provides "The executors are hereby directed as soon as practicable after my decease, to make a careful inventory of my estate and convey to my wife 3-9 and to said trustees the said 6-9, to be held in trust for the benefit of my sons as above provided." The will also directs that "no bond be required, and no bond by said trustees, and that no inventory of my estate shall be filed."

No inventory has been filed in this estate, and no report has been made by the executors or trustees. Nothing further has been done so far as the record shows in the way of executing the trust and settling the estate; and now, sometime since, the county solicitor, calling the court's attention to the condition of the estate, has required the court to order these executors to file an inventory. The executors are represented by counsel, and object to the order requiring an inventory on the ground, 1st, no "person interested" in this estate is invoking the order of this court to require such inventory. The provisions of the statute directing an inventory provide as follows: (Section 6023):

"Every executor or administrator shall, within three months after his appointment, make and return upon oath, into court, a true inventory of all the goods, chattels, moneys, rights and credits of the deceased, which are by law to be administered, and which shall have come to his possession or knowledge; but if the probable value thereof be less than one hundred dollars, the court may direct the same to be omitted, provided that if his predecessors have so done, an administrator de bonis non shall not be required to return and file an inventory, unless, in the opinion of the probate court, the same is necessary. The word "inventory" in this chapter shall include an appraisement."

Section 6024 provides: "At any time within one year after the return of an inventory any person interested in the estate may file exceptions to the inventory;" etc.

The point is made that the county of Cuyahoga, represented by the Honorable county solicitor, has no interest in this estate, whatever. It is further stated that these executors being non-residents, under

the statutes established the situs of this property for all purposes of taxation at the domicile of the executors. And that, therefore, the county can really have no interest in this matter. But chiefly, the point is that the county is not interested in the estate in the sense of section 6024, and that, therefore, it cannot invoke the order of court to enforce an inventory or appraisal in this estate.

The statutes of Ohio were amended in 1895 in this particular that, whereas formerly an inventory and appraisal might by a decedent be directed to be omitted, subject to the discretion of the court, and the omission would be legal; the provisions of law authorizing this have been repealed, and, now by a statute to which I will advert, section 6047, it is provided: "If any executor or administrator shall neglect or refuse to return such inventory within three months after his appointment, the probate court shall issue an order requiring such executor or administrator, at a short day therein named, to return an inventory according to law." If, after personal service of such order by an officer or person authorized to make service, such executor or administrator does not return, or fails to obtain further time to return the same, or if such order cannot be served personally by reason of such executor or administrator absconding or concealing himself, the court may remove him, and letters shall be granted as provided by statute in case of removal for the causes prescribed in section 6017.

The statutes now framed provide also that the probate court shall furnish to the county auditor once a month the inventories of all parties, filed here, and there is a penalty for failing to do that imposed upon the court. The question threfore is: with the present condition of the statute law in Ohio, whether it is not the official duty of the probate court to require all executors and administrators, whether the next of kin, or persons interested, or devisees require it or not, to compel every executor or administrator to file an inventory which shall include an appraisal. The statute is very plain; it says the probate court "shall" notify every executor or administrator, etc. Manifestly this amendment of the statute was passed for the purpose of placing the fiscal officers, the taxing officers, of the county in possession of information, because the provisions with reference to placing or filing copies of inventories with the auditor make it very plain that the purpose and object of this legislation is to bring property upon the record and duplicate in such a way that, if it be possible that it should be taxed, it may be done. That being the object and purpose of this statute, it has been sometimes questioned whether it is not an invasion of the right of the persons that are technically interested in the estate, to direct in what manner the estate shall be settled and administered, and being therefore

so apart from the laws regulating the administration of estates, and so incongruous as to be unconstitutional and invalid.

This question has been somewhat discussed in cases which have been brought to assail the laws imposing inheritance taxes. Numerous cases of that kind have been tried all over the United States, in almost every state of the Union, but the taxation laws have been invariably upheld by the courts. I am not surprised at all at that, when we consider that the right to make a will, in the first place, is a mere municipal right, conferred by statute and not a natural right—simply the recognition of a natural impulse, but in no sense an inherent right. The law of the state, on the death of the owner, seizes and sequesters his estate where a man dies intestate. It is clearly within the power of the state to enact legislation with reference to the course of administration his property shall take, where he dies testate. But in this particular case, whatever be the personal wishes of the court, it is so clearly the official duty of the probate court to require the inventory and appraisal that I think the court would be derelict in its duty, and would perhaps be liable on his official bond, for failing to make the order required by this statute.

It is said this estate is not subject to taxation here. It may be so. I fail to find any exception made in the law in case of the appointment of non-resident executors, under our statute.

It may be cause for removal of an executor if he removes out of the state; and this being the state of the law as to the eligibility and qualification of an executor or administrator, you would hardly expect the statute to exonerate a non-resident executor from the duty of filing an inventory. There is no such exception.

I understand now that the reason for suggesting they were non-residents, is merely that the estate was not subject to taxation here, and the county is not therefore interested; but under this statute, in my opinion, it is not material whether the county is interested or not. These executors are amenable to the law, and to that extent and are bound to do what the statute requires as imposed by strict and imperative language. Unless therefore, good reasons are shown, I must make an order that the executors file an inventory, and suggest the names of the appraisers.

P. K. Kaiser and F. L. Taft, for the application.

Hoyt, Dustin & Kelly, for the executors.